**In re Anonymous No. 15 D.B. 76**

Disciplinary Board Docket no. 15 D.B. 76.

HARRINGTON, *Board Member,* May 20, 1977 — Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (Rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

Pursuant to Rule 17-14(c) of the Preamble, now Rule 214(c), your honorable court entered an order on April 28, 1976, referring to the board the conviction of respondent, [    ], upon a plea of guilty of the

offense of failure to file income tax returns in violation of Internal Revenue Code of August 16, 1954, 68 A. Stat. 851, as amended, 26 U.S.C.A. §7203, a crime which is punishable by imprisonment of not more than one year, for the institution of a formal proceeding before a hearing committee to determine the extent of the discipline to be imposed.

In due course the matter was assigned to hearing committee [   ] comprised of [   ]. The matter came before that hearing committee on Tuesday, December 7, 1976, which hearing was held at [   ], Pennsylvania, in the office of the Disciplinary Board. Petitioner was represented by [   ], Assistant Disciplinary Counsel, and respondent was represented by [   ]. Respondent was present at all pertinent times and was the only person called to testify in the proceeding. Petitioner's exhibits and respondent's exhibits were offered and received into evidence and oral arguments were made on behalf of the parties.

On February 10, 1977, the hearing committee filed the unanimous report recommending public censure of respondent [   ]. No objections to the findings and recommendations of the hearing committee were made and no exceptions were taken to its report.

The board approves the recommendation of the hearing committee and recommends to your honorable court that respondent [   ], receive public censure by the Supreme Court pursuant to Rule 204(3) of the Pa.R.D.E.

## II.  DISCUSSION

Respondent, [   ], was born October 21, 1925, and is fifty-one years of age. He was graduated from the University of [   ] in the year 1948 and received his

law degree at [ ] Law School in the year 1951. He was admitted to practice in the Commonwealth of Pennsylvania in 1953 and has practiced in the County of [ ] since that time. Respondent resides at [ ], Pennsylvania, and is the father of [ ] children. Prior to 1969, for some time respondent was associated with [ ] in the practice of law. In 1969, respondent changed offices and became associated with [ ]. At about that time or shortly thereafter, respondent moved his office files and in that move certain personal records, such as cancelled checks were misplaced. As a result he was unable to complete his 1969 year tax returns. At about the same time, respondent was appointed as an assistant to the District Attorney of [ ] County. That employment continued through 1974. Respondent's salary was approximately $8,000 or $9,000 per year and from that salary regular payroll deductions were made and applied toward respondent's income tax obligation.

On March 26, 1976, an information was filed against respondent in the United States District Court for the [ ] District of Pennsylvania containing three counts. Count I alleged that during calendar year 1969, respondent received a gross income of $32,812.67, and that he did "willfully and knowingly fail to file" an income tax return for said calendar year. Count II alleged that respondent's gross income for 1970 was $33,885.22, and charged respondent with willful failure to file a return for the year 1970. Count III alleged that the gross income for 1971 was $27,331, and charged respondent with willful failure to file a return for the year 1971.

On March 29, 1976, respondent entered a plea of guilty to Count I on which sentence was suspended and respondent placed on probation for a period of

fifteen days on condition that he pay to the United States of America a fine of $1,000 within ten days. On Count II the same sentence as to probation was imposed to run concurrently with the period of probation under Count I. Count III was dismissed.

Respondent paid the fine of $1,000 on April 1, 1976.

Under the heading Discussion the hearing committee said: "This matter was heard by the Hearing Committee on December 6, 1976. The testimony produced at this hearing supports some disciplinary action against the Respondent, but there were sufficient extenuating circumstances and explanations of his conduct for this case to be controlled by the matter [anonymous], no. 3 D.B. 74."

The testimony discloses that respondent did not engage in the preparation of income tax returns nor was he acquainted with income tax law generally. Respondent in addition to his employment as Assistant District Attorney for a period of four years was employed by various insurance companies to do defense trial work in [ ], Pennsylvania. Respondent did have a record of complaints of ill health including hospitalization for complaints of heart deficiency. Respondent also complained of a nervous condition for which he had been treated.

Respondent violated D.R. 1-102(A)(4) — Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; D.R. 1-102(A)(5) — Engaging in conduct that is prejudicial to the administration of justice; and DR 1-102(A)(6) — Engaging in any other conduct that adversely reflects on his fitness to practice law. For similar offenses, this honorable court has imposed public censure: Office of Disciplinary Counsel against [anonymous], no. 70, Disciplinary Board Docket (Board Docket no. 3 D.B. 74); In the Matter of

[anonymous] ([ ] County) no. 87, Disciplinary Docket no. 1 (Board File no. 10 D.B. 75); In the Matter of [anonymous] ([ ] County), no. 86, Disciplinary Docket no. 1 (Board File no. 9 D.B. 75).

## RECOMMENDATION

This board recommends to your honorable court that respondent, [ ], receive public censure by the Supreme Court pursuant to Rule 204(3) of the Pennsylvania Rules of Disciplinary Enforcement.

## ORDER

EAGEN, *C.J.*, And now, June 9, 1977, it appearing that on March 29, 1976, respondent, [ ], was convicted by the United States District Court for the [ ] District of Pennsylvania, upon a plea of guilty of the offense of failure to file income tax returns in violation of 26 U.S.C.A. §7203; and

In accordance with Rule 214(c) of the Pennsylvania Rules of Disciplinary Enforcement, this matter was referred to the Disciplinary Board on April 28, 1976, for the institution of a formal proceeding before a hearing committee to determine the extent of the final discipline to be imposed; it is

Ordered, that the report and recommendations of the Disciplinary Board dated May 20, 1977, recommending that respondent, [ ], be subjected to public censure by the Supreme Court, is accepted and said public censure will be imposed on respondent, [ ], as provided in Rule 204(3) of the Pennsylvania Rules of Disciplinary Enforcement, at the session of this court commencing October 17, 1977 at Philadelphia.

Mr. Justice Roberts and Mr. Justice Packel, dissent and would impose some period of suspension.